UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIR JOHN GREYSTROKE,<br><br>                Plaintiff,<br>    v.<br><br>CLALLAM COUNTY CORRECTIONS FACILITY, et. al.,<br><br>                Defendants.<br><br>    and<br><br>SIR JOHN GREYSTROKE,<br><br>                Plaintiff,<br><br>    v.<br><br>CLALLAM COUNTY CORRECTIONS FACILITY, et. al.,<br><br>                Defendants. | CASE NO. 18-5081 RJB-DWC and<br><br>18-5217 RJB-TLF<br><br>ORDER ON JUNE 14, 2019 PLEADING |

THIS MATTER comes before the Court on Plaintiff's June 14, 2019 pleading which was filed in *Greystroke v. Clallam County Corrections Facility, et. al.*, Western District of Washington case number 18-5081 ("Case 18-5081"), Dkt. 17, and *Greystroke v. Clallam County Corrections Facility, et. al.*, Western District of Washington case number 18-5217 ("Case 18-5217"), Dkt. 23. The Court has reviewed the pleadings and the remaining files.

### Procedural History of Case 18-5081

On March 14, 2018, the Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was granted. Dkt. 6.

On May 29, 2018, this Court adopted a Report and Recommendation and dismissed this case for failure to obey a court order. Dkt. 13. The Plaintiff did not file an appeal.

### Procedural History of Case 18-5217

On June 28, 2018, the Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was granted. Dkt. 10.

On January 1, 2019, this Court adopted a Report and Recommendation and dismissed this case with prejudice. Dkt. 19. The case was found to be frivolous and the dismissal was counted as a strike under 28 U.S.C. § 1915. *Id.* The Plaintiff did not file an appeal.

### June 14, 2019 Pleading, Filed in Both Cases

In the Plaintiff's June 14, 2019 pleading, he inquires as to the status of the cases and asks that the Court stop the drafts for the filing fees from being taken out of his prison trust account. Dkts. 17 and 23.

# DISCUSSION

To the extent that Plaintiff intends this pleading to be a motion to stop the corrections institution from taking filing fees out of his account (Dkts. 17 and 23), the motion should be denied.

"Section 1915(b) provides that prisoners proceeding IFP must pay the filing fee as funds become available in their prison accounts." *Andrews v. Cervantes,* 493 F.3d 1047, 1052 (9th Cir. 2007). The full filing fee is due even if the case is dismissed. *See Id.* Further, § 1915(b)(2) requires "monthly payments of 20 percent of the preceding month's income simultaneously for each action pursued." *Bruce v. Samuels,* 136 S.Ct. 627, 632 (2016).

The Plaintiff makes no showing that § 1915(b) does not apply. The filing fees should be continued to be drafted from his prison account for each case he filed in accord with the 28 U.SC. § 1915.

Moreover, these cases are closed. Other than timely notices of appeal, further pleadings filed by Plaintiff will be filed in the records, but the Court will not act on them.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of July, 2019.

ROBERT J. BRYAN
United States District Judge